2026 IL App (4th) 251296-U

NOS. 4-25-1296, 4-25-1297, 4-25-1298, 4-25-1299 cons.

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 27, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* Be. G., Br. G., A.R., and B.R., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Woodford County |
| Petitioner-Appellee, | ) | Nos. 22JA30 |
| v. | ) | 22JA31 |
| Rebecca R., | ) | 22JA32 |
| Respondent-Appellant). | ) | 22JA33 |
| | ) | |
| | ) | Honorable |
| | ) | Michael Stroh, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Presiding Justice Steigmann and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1      *Held*: The appellate court dismissed the appeal for mootness and lack of jurisdiction.

¶ 2      In January 2023, Be. G. (born in April 2007), Br. G. (born in August 2008), B.R. (born in May 2014), and A.R. (born in October 2015), the minor children of respondent, Rebecca R., were adjudged abused minors pursuant to section 2-3(2)(i) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(2)(i) (West 2022)). In March 2023, the trial court entered a dispositional order finding respondent unfit, made the children wards of the court, and placed custody and guardianship of the children with their fathers. (Be. G. and Br. G.'s father, Brett G., and B.R. and A.R.'s father, Bryon R., were involved in the proceedings below but are not parties to this appeal.)

¶ 3 In November 2025, following a permanency review hearing, the trial court entered an order closing the cases of Be. G. and Br. G. The court entered an order in B.R.'s and A.R.'s cases finding respondent remained unfit, retained the permanency goal of remain home with father, and scheduled another permanency review hearing.

¶ 4 Respondent appeals, arguing the trial court's unfitness finding in the permanency order was against the manifest weight of the evidence. We dismiss for mootness and lack of jurisdiction.

¶ 5 I. BACKGROUND

¶ 6 In November 2022, the State filed separate petitions for adjudication of wardship of Be. G., Br. G., B.R., and A.R. The petitions alleged the children were abused pursuant to section 2-3(2)(i) of the Juvenile Court Act (705 ILCS 405/2-3(2)(i) (West 2022)) in that respondent inflicted excessive corporal punishment on the children when she (1) scratched and bit Be. G., leaving red marks on his body (count I); (2) struck Be. G. with a hammer when he would not give her his cell phone (count II); (3) drove her vehicle toward Be. G., forcing him to jump out of the vehicle's path (count III); and (4) hit B.R. with a paddle 15 times, pinched him, held him down on the floor, and covered his mouth and nose, inhibiting the child's breathing (count IV).

¶ 7 In January 2023, the trial court held an adjudicatory hearing. The court found the children were abused by clear and convincing evidence as to counts I to III. The court dismissed count IV for lack of evidence.

¶ 8 In March 2023, the trial court held a dispositional hearing. Respondent requested to proceed *pro se*, which the court granted. The court found respondent unfit, made the children wards of the court, and placed custody and guardianship of the children with their fathers.

¶ 9 In November 2025, the trial court held a permanency review hearing. The court

closed Be. G.'s case, as he was currently 18 years old. The court also closed Br. G.'s case, as he was turning 18 years old in 10 months. The court found both boys were thriving with their father and there was no need for it to continue monitoring them. As to B.R.'s and A.R.'s cases, the court found that respondent remained unfit due to her abuse of cannabis. The court found respondent otherwise made reasonable progress and indicated it would find her fit at the next permanency review hearing if she reduced her cannabis use to an appropriate level. Thereafter, the court entered a permanency order in B.R.'s and A.R.'s cases finding respondent remained unfit, retained the permanency goal of remain home with father, and scheduled the next permanency review hearing for May 5, 2026.

¶ 10        Respondent appealed. In February 2026, this court *sua sponte* consolidated the four appeals for disposition.

¶ 11                            II. ANALYSIS

¶ 12        On appeal, respondent contends the unfitness finding in the trial court's November 26, 2025, permanency order was against the manifest weight of the evidence.

¶ 13        Although neither party has raised the issue, "this court has an independent duty to consider whether it has jurisdiction over an appeal and to dismiss the appeal if it finds that jurisdiction is lacking." *In re Tiona W.*, 341 Ill. App. 3d 615, 619 (2003). On December 8, 2025, respondent filed an amended notice of appeal, stating she was appealing from the November 26, 2025, "Permanency Order as to Fitness." Respondent's and the State's jurisdictional statements identified Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Illinois Supreme Court Rule 311(a) (eff. July 1, 2018) as the bases for jurisdiction. Because the permanency orders in Be. G.'s and Br. G.'s cases differ from those in B.R.'s and A.R.'s cases, we address them separately.

¶ 14        Rule 301 governs the appeal of final judgments in civil cases that are appealable as

- 3 -

of right. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Similarly, Rule 311(a) provides appellate review for final orders affecting the care and custody of unemancipated minors. See Ill. S. Ct. R. 311(a) (eff. July 1, 2018). The nature of the order appealed is relevant when determining whether jurisdiction exists. *In re Faith B.*, 216 Ill. 2d 1, 16 (2005). "A judgment is considered final if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." (Internal quotation marks omitted.) *In re Curtis B.*, 203 Ill. 2d 53, 59 (2002). Generally, a permanency order is not considered a final judgment, as it is subject to review and reevaluation at least every six months. *In re K.C.*, 2024 IL App (1st) 231166, ¶ 106; see 705 ILCS 405/2-28(2) (West 2024). "[A] permanency order may be considered a final judgment, and thus reviewable under Rule 301, if the order appears to be 'final and immutable' at the time it was made, meaning that if a permanency 'goal has been reached,' the order may constitute a final judgment." *K.C.*, 2024 IL App (1st) 231166, ¶ 107 (quoting *Faith B.*, 216 Ill. 2d at 17-18).

¶ 15        As to Be. G. and Br. G., the November 26, 2025, permanency orders were final judgments, as the trial court restored legal and physical custody of Be. G. and Br. G. to their father and closed the cases. However, we find any argument as to respondent's unfitness in Be. G.'s and Br. G.'s cases moot. "An appeal is considered moot *** where the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party." *In re J.T.*, 221 Ill. 2d 338, 349-50 (2006). On appeal, respondent makes no argument regarding whether Be. G.'s and Br. G.'s cases should be reopened. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Without reopening the cases, it is impossible for us to grant respondent effectual relief on the finding of unfitness.

- 4 -

Thus, we find respondent's argument as to fitness in Be. G.'s and Br. G.'s cases moot.

¶ 16    As to B.R. and A.R., the November 26 permanency orders did not permanently determine respondent's rights or definitively resolve any issues. The permanency orders found respondent remained unfit, retained the permanency goal of remain home with father, and set a date for the next permanency review hearing. The trial court also indicated that if respondent were to comply with its directive regarding her cannabis use, she could still work toward a finding of fitness. Accordingly, the permanency orders as to B.R. and A.R. were interlocutory in nature and therefore not final, appealable judgments.

¶ 17    We next address whether Rule 311(a) confers jurisdiction over B.R.'s and A.R.'s cases. Rule 311(a) provides appellate review for (1) final orders affecting the care and custody of unemancipated minors and (2) interlocutory appeals affecting the care and custody of unemancipated minors pursuant to Illinois Supreme Court Rule 306(a)(5) (eff. Oct. 1, 2020). Ill. S. Ct. R. 311(a) (eff. July 1, 2018). As discussed above, the permanency orders as to B.R. and A.R. were not final, appealable judgments. We thus consider whether Rule 306(a)(5) applies to those orders.

¶ 18    Under Rule 306(a)(5), a party may petition for leave to appeal from an interlocutory order affecting the care and custody of unemancipated minors. Ill. S. Ct. R. 306(a)(5) (eff. Oct. 1, 2020). To obtain review over an interlocutory permanency order, a respondent must file a petition for leave to appeal in this court, with the supporting record and legal memorandum, if any, within 14 days of the entry of the order. Ill. S. Ct. R. 306(b)(1) (eff. Oct. 1, 2020). Although respondent filed her amended notice of appeal within 14 days of the November 26 permanency order, she failed to file the requisite petition for leave to appeal under Rule 306(b)(1).

¶ 19    Reviewing courts have excused noncompliance with Rule 306(b)(1) in the interest

- 5 -

of judicial economy (see *In re Marriage of Agustsson*, 223 Ill. App. 3d 510, 517 (1992)) or where an appellant relied on the language of a rule later deemed unconstitutional (see *Curtis B.*, 203 Ill. 2d at 63). However, the decision to excuse noncompliance is wholly within the discretion of the reviewing court. *In re Alicia Z.*, 336 Ill. App. 3d 476, 494 (2002). Here, we find no reason to excuse respondent's noncompliance with Rule 306(b)(1), as the law was clear at the time of the appeal that the permanency order was not final and appealable, and she had no reason to believe her noncompliance would be excused. See *Alicia Z.*, 336 Ill. App. 3d at 493. Accordingly, we find this court lacks jurisdiction in B.R.'s and A.R.'s cases.

¶ 20                                    III. CONCLUSION

¶ 21          For the reasons stated, we dismiss the appeal.

¶ 22          Dismissed.